**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-6588**

─────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ROBERT EDWARD SILLS, a/k/a Bobby,

                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.    Arenda L. Wright Allen, District Judge.  (2:03-cr-00148-AWA-5)

─────────────

Submitted: August 21, 2014          Decided: August 26, 2014

─────────────

Before SHEDD, AGEE, and KEENAN, Circuit Judges.

─────────────

Dismissed in part, affirmed in part by unpublished per curiam opinion.

─────────────

Robert Edward Sills, Appellant Pro Se.  Randy Carl Stoker, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Edward Sills seeks to appeal the district court's order dismissing as successive his 28 U.S.C. § 2255 (2012) motion and denying his request for a sentence reduction under 18 U.S.C. § 3582(c) (2012). Insofar as Sills appeals the court's dismissal, the order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Sills has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss in part the appeal.

2

Additionally, we construe Sills' notice of appeal and informal brief as an application to file a second or successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h) (2012). Sills' claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

Insofar as Sills appeals from the denial of his request for a sentence reduction under § 3582(c), we affirm.

Accordingly, we deny a certificate of appealability, dismiss in part and affirm in part the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART,
AFFIRMED IN PART

3